UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

JUAN CASTILLO,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, NYC POLICE
DEPARTMENT, POLICE OFFICER PICHARDO SH
#04287, POLICE OFFICER JOHN DOE #1, POLICE
OFFICER JOHN DOE #2, AND POLICE OFFICER
JOHN DOE #3,

                              Defendants.

**DECLARATION OF MICHAEL K. GERTZER IN SUPPORT OF MOTION TO DISMISS**

08 Civ 2915 (LAP)

------------------------------------------------------------------- x

**MICHAEL K. GERTZER** declares pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1.    I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants City of New York ("City") and NYC Police Department. As such I am familiar with the facts set forth below. I make this declaration in support of defendants City of New York and New York City Police Departments' motion to dismiss the complaint.

2.    On May 30, 2008, I discussed with counsel for plaintiff the deficiencies in plaintiff's complaint that are set forth in the memorandum of law. I requested that he withdraw the complaint and file an amended complaint that complied with Fed.R.Civ.Pro. 8, obviating the need for defendants to file a motion to dismiss. Plaintiff's counsel agreed to do so.

3. Subsequently, I had two further telephone conversations with plaintiff's counsel asking if he had withdrawn the complaint and/or filed an amended complaint. He assured me that he would do so.

4. As of June 16, 2008, plaintiff has neither withdrawn the complaint, nor filed an amended complaint that complies with Rule 8.

5. Annexed hereto as Exhibit "A" is a copy of the complaint filed by the plaintiff in this action.

6. Annexed hereto as Exhibit "B" is a copy of correspondence sent to plaintiff's counsel on May 30, 2008 confirming our telephone conversation regarding the foregoing.

Dated:   New York, New York
         June 16, 2008

_____
MICHAEL K. GERTZER

# **EXHIBIT A**

# United States District Court

| SOUTHERN | DISTRICT OF | NEW YORK |

**08 CV 02915**

JUAN CASTILLO,

          Plaintiff,

   -against-

CITY OF NEW YORK, NYC POLICE DEPARTMENT,
POLICE OFFICER PICHARDO, SH. # 04287,
POLICE OFFICER JOHN DOE #1, POLICE OFFICER
JOHN DOE #2, and POLICE OFFICER JOHN DOE # 3

          Defendants

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

TO: (Name and address of defendant)

| CITY OF NEW YORK | NEW YORK CITY POLICE DEPARTMENT | P.O. PICHARDO SH. 04287 |
| 100 CHURCH STREET | 1 POLICE PLAZA | OFFICER JOHN DOE #1 |
| NEW YORK, NY 10007 | NEW YORK, NEW YORK | OFFICER JOHN DOE #2 |
| | | OFFICER JOHN DOE #3 |
| | | 34TH PCT. |
| | | NEW YORK, NY |

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

DAVID SEGAL
30 VESEY STREET
NEW YORK, NY 10007

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MAR 2 0 2008

J. MICHAEL McMAHON
CLERK

(BY) DEPUTY CLERK      DATE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
JUAN CASTILLO,

                                                      Plaintiff,        **COMPLAINT**
                                                                   **Plaintiffs Demand**
        -against-                                 ~~A Trial by Jury~~

CITY OF NEW YORK, NYC POLICE DEPARTMENT,
POLICE OFFICER PICHARDO, SH # 04287,
POLICE OFFICER JOHN DOE #1, POLICE OFFICER
JOHN DOE #2, and POLICE OFFICER JOHN DOE # 3



                                                   **Defendants.**
-------------------------------------------------------------X

Plaintiffs, by DAVID SEGAL, their attorney, respectfully allege as follows:

### *JURISDICTION*

1. This action is brought under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and the Civil Rights Law of the United States, as codified in Title 28, U.S.C. Sections 1331 and 1343 and Title 42, U.S.C. Sections 1981, 1983 and 1985.

2. Plaintiff further invokes the pendent jurisdiction of this Court to consider claims arising under State Law.

### *VENUE*

3. The course of conduct and other acts complained of herein arose and occurred in whole or in part within the County of New York, City and State of New York, in the Southern District of New York.

## *PARTIES*

4. Plaintiff, JUAN CASTILLO, was at all times herein mentioned, a citizen and resident of the State of New York.

5. The defendant, CITY OF NEW YORK, (hereinafter referred to as CITY) is a municipal corporation and political subdivision of the State of New York.

6. The defendant, NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to as NYPD) is a municipal agency under the supervision and control of the defendant CITY.

7. That the defendant, POLICE OFFICER PICHARDO, SH # 04287, at the 34th Pct. is a police officer employed by the defendants, CITY and NYPD.

8. That the defendants, POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2, and POLICE OFFICER JOHN DOE # 3 are Police Officers employed by the defendants, CITY and NYPD.

9. Plaintiff duly and timely served a statutory Notice of Claim upon the defendants, CITY and NYPD.

10. That the plaintiffs have complied with all the conditions precedent to the institution of this action and has complied with all the provisions of the charter of the City of New York in relation thereto and in particular has duly presented his claims herein to the Comptroller and Corporation Counsel of the City of New York for adjustment, and that more than thirty (30) days have elapsed since the presentation of said notice of claim and that said claims remain unadjusted and the Comptroller of the City of New York has failed and refused to make any adjustment or payment of the same and the plaintiff, prior to the commencement of this action and within ninety (90) days after the injuries hereinafter described were received, duly served his

2

notice of intention to sue upon the claim hereinafter set forth, and that fifteen (15) months have not elapsed since the accrual of this cause of action against the defendants.

11. That all times herein mentioned, defendant POLICE OFFICER PICHARDO, was employed by the defendants, CITY and NYPD, in the capacity of police officer of the City of New York, and was assigned to the 34th Pct. in the County of New York, and was acting in such capacity as the agent, servant and employee of the defendants, CITY and NYPD. He is sued individually and in his official capacity.

12. That at all the times herein mentioned, defendant, POLICE OFFICER PICHARDO, was acting under color of state law and under his authority as a police officer for the defendants, CITY and NYPD.

13. That at all times herein mentioned, defendants POLICE OFFICERS JOHN DOE #1, JOHN DOE #2, and JOHN DOE # 3, were employed by the defendants CITY and NYPD, in their capacity as Police Officers of the City of New York, and were assigned to the 34th Pct. in the County of New York, and were acting in such capacity as the agents, servants and employees of the defendants, CITY and NYPD. Each is sued individually and in their official capacity.

14. That at all times herein mentioned, the defendants POLICE OFFICER JOHN DOE #1, JOHN DOE #2, and JOHN DOE # 3, were acting under color of state law and under their authority as Police Officers for the defendants, CITY and NYPD.

## *FACTS*

15. That on October 4, 2006, at or about 6:00 p.m. in the area of 66 Vermilyea Avenue, in the County of New York, plaintiff JUAN CASTILLO was falsely arrested, assaulted and imprisoned by defendant POLICE OFFICERS, PICHARDO, JOHN DOE #1, JOHN DOE #2 and JOHN DOE #3.

16. That the plaintiff was taken to the 34th precinct and then to the Criminal Court of the City of New York, County of New York for arraignment.

17. The Criminal Court Complaint docket 2006-NY-067563, charges the plaintiff with a violation-Disorderly Conduct.

18. The plaintiff was released from the Criminal Court on his own recognizance.

19. On May 9, 2007, in Jury 2, of the Criminal Court of the City of New York, County of New York, before Judicial Hearing Officer HARRIS all charges against plaintiff were dismissed.

20. Defendant POLICE OFFICER PICHARDO committed the following acts:

a) Without a legal or just reason or probable cause arrested and imprisoned plaintiff for alleged violations of the N.Y.S. Penal Law.

b) Police Officer PICHARDO failed and refused to timely advise plaintiff of the reasons for his arrest.

c) Police Officer PICHARDO maliciously and without provocation, used excessive, illegal, and unjustified force on plaintiff.

d) Police Officer PICHARDO falsely swore to a Criminal Court complaint.

21. That following plaintiff's arrest, the defendants JOHN DOE #1, JOHN DOE #2, and JOHN DOE #3, jointly and severally, committed the following acts:

a) Made false statements to a superior officer at the scene of the occurrence and at the 34th Pct. concerning plaintiff's arrest and imprisonment.

b) Continued to detain plaintiff knowing that the charges were false.

c) Covered up their actions and those of defendant POLICE OFFICER PICHARDO.

## *FIRST CAUSE OF ACTION*

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "21" of the complaint, as if the same were set forth more fully and at length herein.

23. That as a direct and proximate result of the intentional and malicious acts of the defendants, POLICE OFFICERS PICHARDO, JOHN DOE #1, JOHN DOE#2, and JOHN DOE #3, jointly and severally, as described aforesaid, all committed under color of state law and under their authority as Police Officers employed by the defendants, CITY and NYPD, and while acting in the scope of their employment, and pursuant to authority vested in each of them by defendants, CITY and NYPD, the defendants caused plaintiff to be falsely arrested and imprisoned.

24. That by engaging in the foregoing acts, practices and courses of conduct, the defendants police officers, PICHARDO, JOHN DOE #1, JOHN DOE #2, and JOHN DOE # 3 used their positions as uniformed City of New York Police Officers for improper purposes, subjecting plaintiff to arrest, imprisonment, physical abuse, deprivation of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and in that plaintiff was denied his protected rights to be free from unlawful, false and illegal arrest, imprisonment and seizure of his person without probable cause, to be free from unnecessary force, to be informed as to the reasons for his detainment and arrest, and to be secure in his rights to liberty and to representation by counsel.

25. That none of the aforesaid acts which were perpetrated upon plaintiff were done as a consequence of any improper, criminal or suspicious conduct on the part of plaintiff.

## *SECOND CAUSE OF ACTION*

26. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "25" inclusive, as if the same were set forth herein more fully and at length.

27. The defendants, POLICE OFFICERS JOHN DOE #1, JOHN DOE #2, and JOHN DOE # 3, acting in concert and under color of state law, and each aiding and abetting one another with knowledge of the systematic violation of plaintiff's Constitutional and Civil Rights, did conspire to prevent plaintiff from obtaining redress from such violations and did further agree to undertake any actions necessary to hide, cover up, and falsely justify the actions of each other, and in furtherance of, they did commit the following acts:

   a) Refused to aid plaintiff at the location of the occurrence and at the 34th Precinct.

   b) Covered-up the actions of their co- defendant, POLICE OFFICER PICHARDO.

   c) Helped to detain plaintiff for an unreasonable period of time despite plaintiff's repeated requests for information regarding his detainment.

   d) Assisted in the arrest of plaintiff for alleged violations of the Penal Law of the State of New York, despite the fact that there was no just or probable cause for said arrest and charges.

28. That by engaging in the foregoing acts, all committed under color of state law and under their authority as Police Officers of the defendants, CITY and NYPD, and while acting in the scope of their employment and pursuant to authority vested in them by the defendants, CITY and NYPD, the defendants, POLICE OFFICERS JOHN DOE #1, JOHN DOE #2, and JOHN DOE #3, jointly and severally, entered into and carried out a plan and scheme designed and intended to deny and deprive plaintiff of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States

Constitution, and in fact did so deny and deprive plaintiff of his rights, privileges and immunities.

### THIRD CAUSE OF ACTION

29. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "28" inclusive, as if the same were set forth herein more fully and at length.

30. That defendants, CITY and NYPD, by their deliberate acts, gross negligence and reckless conduct in failing to adequately train, discipline and supervise the aforesaid police Officers and in their failure to promulgate and put into effect appropriate rules and regulations applicable to the duties, conduct, activities and behavior of their police officers, directly caused the harm suffered by plaintiff.

31. That the acts of defendants, POLICE OFFICERS PICHARDO, JOHN DOE #1, JOHN DOE #2 and JOHN DOE #3, committed under color of state law, deprived plaintiff of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

### FOURTH CAUSE OF ACTION

32. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "31" of the complaint, as if the same were set forth herein more fully and at length.

33. That defendants, CITY, NYPD, PICHARDO, JOHN DOE #1, JOHN DOE #2 and JOHN DOE #3 by their deliberate acts and reckless conduct maliciously prosecuted plaintiff for acts and conduct which they knew he did not commit.

34. That the acts of defendants, CITY, NYPD, PICHARDO, JOHN DOE #1, JOHN DOE #2 and JOHN DOE #3 committed under color of state law, deprived plaintiff of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

35. That the acts of the defendant's CITY, NYPD, PICHARDO, JOHN DOE #1, JOHN DOE #2 and JOHN DOE #3 were willful, reckless, wanton, malicious and done with the intent to injure plaintiff.

36. That the acts of the defendants CITY, NYPD, PICHARDO, JOHN DOE #1, JOHN DOE #2 and JOHN DOE #3 damaged plaintiff's reputation and character in his community.

37. That the charging of plaintiff in the Criminal Court of the City of New York, County of New York, with the aforesaid crimes was without probable cause and for the purpose of vexing and harassing plaintiff, and disgracing plaintiff in his community and injuring his character and reputation.

38. That the above actions of the defendants, CITY, NYPD, PICHARDO, JOHN DOE #1, JOHN DOE #2 and JOHN DOE #3, jointly and severally, caused plaintiff to suffer severe and permanent emotional injuries.

## *FIFTH CAUSE OF ACTION*

39. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "38" of the complaint, as if the same were set forth herein more fully and at length.

40. That defendants, CITY, NYPD, PICHARDO, JOHN DOE #1, JOHN DOE #2 and JOHN DOE #3 perverted the use of regularly issued process with the intent of causing harm to plaintiff without justification.

41. That the arrest of plaintiff and the further prosecution by the defendants, CITY, NYPD, PICHARDO, JOHN DOE #1, JOHN DOE #2 and JOHN DOE #3 was an abuse of process.

42. That the acts of the defendants, CITY, NYPD, PICHARDO, JOHN DOE #1, JOHN DOE #2 and JOHN DOE #3 damaged plaintiff's reputation and character in his community.

43. That the above actions by the defendants, CITY, NYPD, PICHARDO, JOHN DOE #1, JOHN DOE #2 and JOHN DOE #3 caused plaintiff to suffer severe and permanent emotional injuries.

**WHEREFORE**, plaintiff JUAN CASTILLO, demands judgment as follows:

A. As to the first cause of action: In favor of plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

B. As to the second cause of action: In favor of plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

C. As to the third cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million

($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

D. As to the fourth cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty Five Million ($25,000.000.00) Dollars and punitive damages against the defendants in the sum of Twenty Five Million ($25,000,000,00) Dollars.

E. As to the fifth cause of action: In favor of plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

F. And for such other and further relief as maybe just and proper.

Dated:    New York, New York
          November 21, 2007

Yours, etc.,

David Segal (DS 5108)
Attorney for Plaintiff
Office & P.O. Address:
30 Vesey Street, Suite 900
New York, N.Y. 10007
(212) 406-9200

Index No.:                    Year                    RJI No.:                    Hon:

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

JUAN CASTILLO,

Plaintiff,

-against-

CITY OF NEW YORK, NYC POLICE DEPARTMENT, POLICE OFFICER PICHARDO SH # 04287, POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2, and POLICE OFFICER JOHN DOE # 3

Defendants.

## COMPLAINT

**DAVID SEGAL**
Attorney for Plaintiffs
Office & Post Office Address, Telephone
**30 VESEY STREET**
**NEW YORK, N.Y. 10007**
**(212) 406-9200**

To:                                                              Signature (Rule 130-1.1-a)

Print name beneath                                               Attorney(s) for

Service of a copy of the within
Dated,                                                           is hereby admitted.

                                                                 Attorney(s) for

Please take notice
† NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within names court on
† NOTICE OF SETLEMENT
that an order of which the within is a true copy will be presented for settlement to the HON.
one of the judges of the within names court, at                                    on

                                        Yours, etc.
                                        DAVID SEGAL
To:                                     Attorney for Plaintiffs
                                        Office & Post Office Address
Attorney(s) for:                        **30 VESEY STREET**
                                        **NEW YORK, NY 10007**

# **EXHIBIT B**



THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

## FACSIMILE TRANSMISSION

| | | | |
|---|---|---|---|
| TO: | David Segal, Esq. | FROM: | Michael K. Gertzer, Esq. (212) 788-9776 |
| FAX #: | (212) 571-0938 | DATE: | May 30, 2008 |

You should receive 2 page(s), including this one.
Please contact me if you do not receive all pages.

This facsimile contains CONFIDENTIAL INFORMATION which may also be LEGALLY PRIVILEGED. It is intended only for use of the addressee(s) named above. If you are neither the intended recipient of this facsimile nor the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that disseminating or copying this facsimile is prohibited. If you have received this facsimile in error, please notify this office by telephone and return the original to the address set forth by the United States Postal Service. Thank you.[1]

## Message:

Please see the attached.

---

[1] This communication contains information that is privileged, attorney work product, exempt or prohibited from disclosure under applicable law. If you have received this facsimile in error, please notify this office by telephone and return the original to the address set forth by the United States Postal Service. Thank you.



| | THE CITY OF NEW YORK | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **MICHAEL K. GERTZER**<br>Assistant Corporation Counsel<br>E-mail: mgertzer@law.nyc.gov<br>Phone: (212) 788-0786<br>Fax: (212) 788-9776 |

May 30, 2008

<u>**By Facsimile (212) 571-0938**</u>

David Segal, Esq.
30 Vesey Street
New York, New York 1007

      Re:    *Simmons v. City of New York, et al.*, 08 CV 1107 (ENV)(VVP)
              *Castillo v. City of New York*, 08 CV 2915 (LAP)

Dear Mr. Segal:

      This will confirm our conversation today in which you agreed that by June 3, 2008, you would advise me of your position on the issues raised by the Rule 11 letter served upon you in *Simmons v. City of New York*, et al., 08 CV 1107 (ENV)(VVP). I remind you that the City of New York must respond to the Complaint by June 9, 2008. In the event that you do not withdraw the complaint, we will have no choice but to seek sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

      This will further confirm that during our conversation you agreed to withdraw your complaint in *Castillo v. City of New York*, 08 CV 2915 (LAP) and file an amended complaint that complies with the requirements of Rule 8 as set forth in *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955 (2007).

      Thank you for your prompt attention to this matter. If you have any questions, please contact me.

                                    Very truly yours,

                                    Michael K. Gertzer
                                    Assistant Corporation Counsel

| Date/Time | 05-30-2008   01 53 29 p m | Transmit Header Text |
|---|---|---|
| Local ID 1 | 12122272039 | Local Name 1 |
| Local ID 2 | | Local Name 2 |

## This document : Confirmed
### (reduced sample and details below)
### Document size : 8.5"x11"



**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007
**FACSIMILE TRANSMISSION**

| TO | David Segal, Esq. | FROM: | Michael K. Gertzer, Esq.<br>(212) 788-9776 |
|---|---|---|---|
| FAX #: | (212) 571-0938 | DATE: | May 30, 2008 |

You should receive 2 page(s), including this one
Please contact me if you do not receive all pages.

This facsimile contains CONFIDENTIAL INFORMATION which may also be LEGALLY PRIVILEGED. It is intended only for use of the addressee(s) named above. If you are neither the intended recipient of this facsimile nor the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that disseminating or copying this facsimile is prohibited. If you have received this facsimile in error, please notify this office by telephone and return the original to the address set forth by the United States Postal Service. Thank you [1]

**Message:**

Please see the attached.

---
[1] This communication contains information that is privileged, attorney work product, exempt or prohibited from disclosure under applicable law. If you have received this facsimile in error, please notify this office by telephone and return the original to the address set forth by the United States Postal Service. Thank you

Total Pages Scanned : 2          Total Pages Confirmed   2

| No | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 329 | 912125710938 | 01 52.34 p m  05-30-2008 | 00 00 21 | 2/2 | 1 | EC | HS | CP28800 |

Abbreviations
HS  Host send            PL  Polled local         MP  Mailbox print      TU  Terminated by user
HR  Host receive         PR  Polled remote        CP  Completed          TS  Terminated by system       G3  Group 3
WS  Waiting send         MS  Mailbox save         FA  Fail               RP  Report                     EC  Error Correct