**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
**JUAN CASTILLO,**

                             **Plaintiff,**         **AMENDED**
                                                **COMPLAINT**
                                                **Plaintiff Demands**
             **-against-**                    **A Trial by Jury**

**CITY OF NEW YORK, POLICE OFFICER PICHARDO,**      **08-CV-2915 (LAP)**
**SH # 04287, POLICE OFFICER JOHN DOE #1, POLICE**
**OFFICER JOHN DOE #2, and POLICE OFFICER**
**JOHN DOE # 3,**
                                **Defendants.**
-------------------------------------------------------------------------X

        Plaintiffs, by DAVID SEGAL, their attorney, respectfully allege as follows:

### *JURISDICTION*

1. This action is brought under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and the Civil Rights Law of the United States, as codified in Title 28, U.S.C. Sections 1331 and 1343 and Title 42, U.S.C. Sections 1981, 1983 and 1985.

2. Plaintiff further invokes the pendent jurisdiction of this Court to consider claims arising under State Law.

### *VENUE*

3. The course of conduct and other acts complained of herein arose and occurred in whole or in part within the County of New York, City and State of New York, in the Southern District of New York.

### *PARTIES*

4. Plaintiff, JUAN CASTILLO, was at all times herein mentioned, a citizen and resident of the State of New York.

5. The defendant, CITY OF NEW YORK, (hereinafter referred to as CITY) is a municipal corporation and political subdivision of the State of New York.

6. That the, NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to as NYPD) is a municipal agency under the supervision and control of the defendant CITY.

7. That the defendant, POLICE OFFICER PICHARDO, SH # 04287 (PICHARDO) assigned to the 34th Pct. is a police officer employed by the defendants, CITY and NYPD.

8. That the defendants, POLICE OFFICER JOHN DOE #1(JD#1), POLICE OFFICER JOHN DOE #2 (JD#2), and POLICE OFFICER JOHN DOE # 3 (JD#3) are Police Officers assigned to the 34th Pct. and employed by the defendants, CITY and NYPD.

9. Plaintiff duly and timely served a statutory Notice of Claim upon the defendant, CITY.

10. That the plaintiffs have complied with all the conditions precedent to the institution of this action and has complied with all the provisions of the charter of the City of New York in relation thereto and in particular has duly presented his claims herein to the Comptroller and Corporation Counsel of the City of New York for adjustment, and that more than thirty (30) days have elapsed since the presentation of said notice of claim and that said claims remain unadjusted and the Comptroller of the City of New York has failed and refused to make any adjustment or payment of the same and the plaintiff, prior to the commencement of this action and within ninety (90) days after the injuries hereinafter described were received, duly served his notice of intention to sue upon the

claim hereinafter set forth, and that fifteen (15) months have not elapsed since the accrual of this cause of action against the defendants.

11.     That all times herein mentioned, defendant PICHARDO, was employed by the defendant, CITY, in the capacity of police officer of the City of New York, and was assigned to the 34th Pct. in the County of New York, and was acting in such capacity as the agent, servant and employee of the defendant, CITY.  He is sued individually and in his official capacity.

12.     That at all the times herein mentioned, defendant, PICHARDO, was acting under color of state law and under his authority as an NYPD police officer for the defendant, CITY.

13.     That at all times herein mentioned, defendants JD #1, JD #2, and JD# 3, were employed by the defendant CITY, in their capacity as NYPD Police Officers, and were assigned to the 34th Pct. in the County of New York, and were acting in such capacity as the agents, servants and employees of the defendant, CITY.  Each is sued individually and in their official capacity.

14.     That at all times herein mentioned, the defendants JD #1, JD #2, and JD# 3, were acting under color of state law and under their authority as NYPD Police Officers for the defendant, CITY.

## *FACTS*

15.     On October 4, 2006, at or about 6:00 p.m. at 66 Vermilyea Avenue, in the County of New York, plaintiff JUAN CASTILLO was forcibly arrested, and imprisoned by defendants PICHARDO, JD #1, JD #2, and JD# 3.

16. The plaintiff lives at 77 Vermilyea Avenue.

17. Plaintiff and his friends were standing in front of 66 Vermilyea Avenue. While standing at this location pedestrian traffic was moving freely on the street. People were entering and leaving 66 Vermilyea Avenue.

18. Plaintiff and his friends were congregating between the building line of 66 Vermiyea Avenue and the curb without impeding or interfering with anyone walking on the street and anyone entering and leaving 66 Vermiyea Avenue.

19. Plaintiff was talking to his friends as well as those pedestrians who he knows from the neighborhood.

20. Plaintiff was not disturbing anyone. No complaints were made by anyone about plaintiff and his friends to the police.

21. The charge for which plaintiff was arrested was Disorderly Conduct a violation, which is not a crime.

22. Defendant PICHARDO detained plaintiff knowing that NYPD procedure as to violations was to issue a summons and release the person. Defendant PICHARDO intentionally detained plaintiff so as to compel him to go through the criminal justice system. Plaintiff produced identification as to his identity.

23. The plaintiff was taken to the 34th precinct and then to the Criminal Court of The City of New York, County of New York for arraignment.

24. The Criminal Court Complaint docket 2006-NY-067563, charged the plaintiff with a violation-Disorderly Conduct.

25. The plaintiff was released from the Criminal Court on his own recognizance.

26. On May 9, 2007, in Jury 2, of the Criminal Court of the City of New York, County of New York, before Judicial Hearing Officer Harris all charges against plaintiff were dismissed.

27. Defendant PICHARDO committed the following acts:

a) Without a legal or just reason or probable cause arrested and imprisoned plaintiff for alleged violations of the N.Y.S. Penal Law.

b) Held plaintiff to go through the criminal justice system even though he was arrested for a violation.

c) Failed and refused to timely advise plaintiff of the reasons for his arrest.

d) Maliciously and without provocation, used excessive, illegal, and unjustified force to arrest plaintiff.

e) Falsely swore to a Criminal Court complaint charging plaintiff with Disorderly Conduct when he knew plaintiff had not committed that violation.

28. That following plaintiff's arrest, the defendants JD #1, JD #2, and JD# 3, jointly and severally, and acting in active concert committed the following acts:

a) Made false statements to a superior officer at the scene of the occurrence and at the 34th Pct. concerning plaintiff's actions, arrest and imprisonment.

b) Continued to detain plaintiff knowing that the Disorderly Conduct charge was false and that a violation is not a crime.

c) Covered up their actions and those of defendant PICHARDO.

### *FIRST CAUSE OF ACTION*

29. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "28" of the complaint, as if the same were set forth more fully and at length herein.

30. That as a direct and proximate result of the intentional and malicious acts of the defendants, PICHARDO, JD #1, JD #2, and JD# 3, jointly and severally, and acting in active concert as described, all committed under color of state law and under their authority as NYPD Police Officers employed by defendant, CITY, and while acting in the scope of their employment, and pursuant to authority vested in each of them by defendant, CITY, the defendants caused plaintiff to be falsely arrested and imprisoned.

31. That by engaging in the foregoing acts, practices and courses of conduct, the defendants, PICHARDO, JD #1, JD #2, and JD# 3 used their positions as uniformed NYPD Police Officers for improper purposes, subjecting plaintiff to arrest, imprisonment, physical abuse, deprivation of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and in that plaintiff was denied his protected rights to be free from unlawful, false and illegal arrest, imprisonment and seizure of his person without probable cause, to be free from unnecessary force, to be informed as to the reasons for his detainment and arrest, and to be secure in his rights to liberty and to representation by counsel.

32. That none of the aforesaid acts which were perpetrated upon plaintiff were done as a consequence of any improper, criminal or suspicious conduct on the part of plaintiff.

### *SECOND CAUSE OF ACTION*

33. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "32" inclusive, as if the same were set forth herein more fully and at length.

34. The defendants, JD #1, JD #2, and JD# 3, acting in active concert and under color of state law, and each aiding and abetting one another with knowledge of the systematic violation of plaintiff's Constitutional and Civil Rights, did conspire to prevent plaintiff from obtaining redress from such violations and did further agree to undertake any actions necessary to hide, cover up, and falsely justify the actions of each other, and in furtherance of, they did commit the following acts:

a)  Refused to aid plaintiff at the location of the occurrence and at the 34th Precinct.

b)  Covered-up the actions of their co- defendant, PICHARDO.

c)  Helped to detain plaintiff for an unreasonable period of time despite plaintiff's repeated requests for information regarding his arrest.

d)  Assisted in the arrest of plaintiff for alleged violations of the Penal Law of the State of New York, despite the fact that there was no just or probable cause for said arrest and charges.

35. That by engaging in the foregoing acts, all committed under color of state law and under their authority as Police Officers of the defendants, CITY and NYPD, and while acting in the scope of their employment and pursuant to authority vested in them by the defendants, CITY and NYPD, the defendants JD #1, JD #2, and JD# 3, acting in active concert jointly and severally, entered into and carried out a plan and scheme designed and

7

intended to deny and deprive plaintiff of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and in fact did so deny and deprive plaintiff of his rights, privileges and immunities.

### *THIRD CAUSE OF ACTION*

36.   Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "35" inclusive, as if the same were set forth herein more fully and at length.

37.   That defendant, CITY, by their deliberate acts, gross negligence and reckless conduct in failing to adequately train, discipline and supervise the aforesaid police Officers and in their failure to promulgate and put into effect appropriate rules and regulations applicable to the duties, conduct, activities and behavior of their police officers, directly caused the harm suffered by plaintiff.

38.   That the acts of defendants, PICHARDO, JD #1, JD #2, and JD# 3, committed under color of state law, deprived plaintiff of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

### *FOURTH CAUSE OF ACTION*

39.   Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "38" of the complaint , as if the same were set forth herein more fully and at length.

40. That defendants, CITY, PICHARDO, JD #1, JD #2, and JD# 3 by their deliberate acts and reckless conduct maliciously prosecuted plaintiff for disorderly conduct knowing that he did not commit the violation.

41. That the acts of defendants, CITY, PICHARDO, JD #1, JD #2, and JD# 3 committed under color of state law, deprived plaintiff of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

42. That the acts of the defendants CITY, PICHARDO, JD #1, JD #2, and JD# 3 were willful, reckless, wanton, malicious and done with the intent to injure plaintiff since the charge was a violation not a crime and they intentionally violated NYPD rules and regulations as to the procedure when a person is given a summons.

43. That the acts of the defendants CITY, PICHARDO, JD #1, JD #2, and JD # 3 damaged plaintiff's reputation and character in his community.

44. That the charging of plaintiff in the Criminal Court of the City of New York, County of New York, with the aforesaid violation was without probable cause and for the purpose of vexing and harassing plaintiff, and disgracing plaintiff in his community and injuring his character and reputation.

45. That the above actions of the defendants, CITY, NYPD, PICHARDO, JD #1, JD #2, and JD# 3, jointly and severally, and acting in active concert caused plaintiff to suffer severe and permanent emotional injuries.

## *FIFTH CAUSE OF ACTION*

46. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "45" of the complaint, as if the same were set forth herein more fully and at length.

47. That defendants, CITY, PICHARDO, JD #1, JD #2, and JD# 3 perverted the use of regularly issued process with the intent of causing harm to plaintiff without justification.

48. That the arrest of plaintiff and the further prosecution by the defendants, CITY, PICHARDO, JD #1, JD #2, and JD# 3 was an abuse of process.

49. That the acts of the defendants, CITY, PICHARDO, JOHN DOE #1, JOHN DOE #2 and JOHN DOE #3 damaged plaintiff's reputation and character in his community.

50. That the above actions by the defendants, CITY, PICHARDO, JD #1, JD #2, and JD# 3 caused plaintiff to suffer severe and permanent emotional injuries.

***WHEREFORE***, plaintiff JUAN CASTILLO, demands judgment as follows:

A. As to the first cause of action: In favor of plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

B. As to the second cause of action: In favor of plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

  C. As to the third cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million  ($25,000,000.00) Dollars.

  D. As to the fourth cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty Five Million ($25,000.000.00) Dollars and punitive damages against the defendants in the sum of Twenty Five Million ($25,000,000,00) Dollars.

  E. As to the fifth cause of action: In favor of plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million  ($25,000,000.00) Dollars.

  F. And for such other and further relief as maybe just and proper.

Dated:  New York, New York
     July 28, 2008

                 Yours, etc.,

                 _____
                 David Segal (DS 5108)
                 Attorney for Plaintiff
                 Office & P.O. Address:
                 30 Vesey Street, Suite 900
                 New York, N.Y. 10007
                 (212) 406-9200